**BULK OIL (MILANO) S.R.L., an Italian Corporation, Plaintiff,**

v.

**SUN INTERNATIONAL LIMITED, a Bermuda Corporation, and Sun Oil Trading Company, a Delaware Corporation, Defendants.**

**No. 83 Civ. 742 (CES)**

United States District Court, S.D. New York.

Aug. 11, 1983.

De Vos & Co., P.C., New York City, for plaintiff; Lloyd M. De Vos, New York City, of counsel.

Parker, Auspitz, Neesemann & Delahanty, New York City, for defendants; John Delehanty, New York City, of counsel.

## MEMORANDUM DECISION

STEWART, District Judge:

In this action, plaintiff Bulk Oil (Milano) S.R.L. ("Bulk (Milano)") seeks to recover damages from defendants Sun International Ltd. ("SIL") and Sun Oil Trading Company ("SOTC") (collectively "Sun") for their alleged wrongful attachment of Bulk (Milano)'s oil in Ravena and Mantua, Italy. Bulk (Milano) also seeks damages from defendants' alleged violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. (1976). Defendants have moved to dismiss this action on the grounds of forum non conveniens. We grant this motion.

■ In *Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the Supreme Court established a balancing test for resolving motions to dismiss on the basis of forum non conveniens. *Gulf Oil* provides a list of "private interest" and "public interest" factors to be considered in the exercise of the trial court's discretion. As Judge Weinfeld recently summarized in *Fustok v. Banque Populaire Suisse*, 546 F.Supp. 506, 509 (S.D.N.Y.1982):

The private interest factors include the location of evidence and witnesses, the availability of process to compel attendance of unwilling witnesses, as well as other practical problems that make trial of a case easy, expeditious, and inexpensive. The public interest factors include the difficulty which arises when a forum must apply foreign choice of law rules and foreign law, the administrative problems which follow when litigation is added to existing heavy case loads in congested centers rather than being handled at its origin, and the imposition of jury duty upon a community which has no relation to the litigation.

While ordinarily there is a strong presumption in favor of the plaintiff's choice of forum, this presumption applies with less force when the plaintiff is foreign. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255, 102 S.Ct. 252, 265, 70 L.Ed.2d 419 (1981). In addition, the possibility that the substantive law to be applied in the alternative forum may be less favorable is not to be given conclusive or even substantial weight in the forum non conveniens inquiry. *Id.* at 247.

■ In this case, the alleged wrongful attachment occurred in Italy, and the issue of its wrongfulness is currently being litigated in the Italian court. Plaintiff is an Italian corporation, and we would assume that all of its records are kept in Italy in Italian.[1] Some of the material witnesses to the attachment are citizens of Italy (others are apparently Bermudan). Many of the documents relevant to the attachment are in Italian. *See* Aff. of Mark Ladner at ¶ 14(f) and (g).

■ Defendants assert that Italian law will govern plaintiff's claim for damages from the wrongful attachment. Plaintiff disputes this assertion, but does not indicate what law should be applied to its claim.[2] Given New York's "governmental

---

1. Plaintiff argues that one reason why this action should be kept in this forum is because defendants' records are located in Wayne, Pennsylvania. We believe, however, that it is plain-

tiff's records that would be more relevant to the issue of plaintiff's damages.

2. Plaintiff's Memorandum in Opposition states "At the appropriate time, plaintiff will contend

interest analysis" in choice of law determinations in the tort context, *see, e.g., Clark v. Celeb Publishing, Inc.*, 530 F.Supp. 979, 982 (S.D.N.Y.1981), we do not see how the law of New York could possibly apply. Defendants are a Delaware corporation with its principal place of business in Pennsylvania and a Bermuda corporation. Although we have not had the benefit of the parties' briefs on the matter, we would assume that Italy is the forum with the most significant relationship with the facts and the parties here. Under these circumstances, we conclude that the weight of the public and private interest factors tilt toward an Italian forum. Plaintiff argues that its case should not be dismissed because Italian law does not provide for punitive damages, while United States law does, and because an Italian court would not hear its RICO claim. As noted above, however, a difference in substantive law does not carry great weight in a forum non conveniens determination. Moreover, for reasons similar to those expressed in our *Bulk Oil (Zug)* decision, we find the complaint as currently pleaded does not state a RICO claim.[3]

For these reasons, we grant defendants' motion to dismiss this case on the grounds of forum non conveniens.

SO ORDERED.

that Italian law is not the law applicable to plaintiff's claim for damages for the conversion of its property". At 21. Given the fact that the application of foreign law is one of the "public interest" factors to be applied, *see Fustok v. Banque Populaire Suisse*, 546 F.Supp. at 509, we would have thought this motion was the appropriate time to raise and establish such matters.

**3.** *Bulk (Milano)'s* RICO claim apparently seeks recovery from both SIL and SOTC as "persons" under section 1962(c). However, if both are persons, there is no enterprise in which both participated as required by section 1962(c). Without specification of the identity of the "person" and the "enterprise", moreover, plaintiff cannot, and has not pleaded that the former conducted the activities of the latter "through a pattern of racketeering".